EDWARDS, Judge.
Defendant-appellee, Edwin A. Courtney, seeks to dismiss the appeal of plaintiff, Clara Williams, from a summary judgment signed December 5, 1978.
This matter was previously before us on writs in Docket No. 13,551 (May 15, 1980). At that time we stated:
“Writs granted. The judgment on the motion for summary judgment in favor of the defendant and dismissing plaintiff’s suit was granted on December 1, 1978, (minute entry) and the judgment was signed by the trial court on December 5, 1978.
No request for notice of judgment was made by the plaintiff as per C.C.P. 1913, and no notice was required. The writ application before us clearly shows that counsel for plaintiff knew of the granting of the summary judgment on December 1, 1978.
No timely application for new trial or appeal was taken by the plaintiff. His application for a new trial filed in September of 1979 (over ten months after judgment) is clearly late. No new trial should have been granted.
This writ is made peremptory and the trial judge is ordered to rescind the new trial granted herein and further to reinstate the judgment granting the defendant’s summary judgment.”
Counsel for appellant urges that the summary judgment signed December 5, 1978, was a default judgment requiring notice of judgment. Such is not the case. Summary judgment was moved for by defendant and was fixed for trial. Counsel for appellant was simply not present when the case was called. Summary judgment was, therefore, granted out of the presence of both plaintiff and plaintiff’s counsel. Nonrepresentation of a party due to that party’s own culpability cannot transform a summary judgment into a judgment by default.
The appeal filed ten months after judgment was clearly late.
The present appeal, taken from the summary judgment reinstated by order of this court, is not timely because that judgment was final on December 5, 1978, and not on June 20, 1980, when the original judgment was merely reinstated.
APPEAL DISMISSED.